## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **Blue Spike LLC** | § | |
| *Plaintiff*, | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| **Verimatrix, Inc.** | § | |
| *Defendants*. | § | |



*Verimatrix VideoMark Diagram*

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blue Spike, LLC files this complaint against Verimatrix, Inc. ("Verimatrix" or "Defendant") alleging 10 Counts of patent infringement:

1. U.S. Patent 5,889,868 titled "Optimization methods for the insertion, protection, and detection of digital watermarks in digitized data,"

2. U.S. Patent 7,770,017 titled "Method and System for Digital Watermarking;"

3. U.S. Patent 7,877,609 titled "Optimization methods for the insertion, protection, and detection of digital watermarks in digital data;"

4. U.S. Patent 7,913,087 titled "Optimization methods for the insertion, protection, and detection of digital watermarks in digital data;"

5. U.S. Patent 7,953,981 titled "Optimization methods for the insertion, protection, and detection of digital watermarks in digital data;"

6. U.S. Patent 8,121,343 titled "Optimization Methods For The Insertion, Protection, and Detection of Digital Watermarks in Digitized Data;"

7. U.S. Patent 8,161,286 titled "Method and System for Digital Watermarking;"

8. U.S. Patent 8,175,330 titled "Optimization methods for the insertion, protection, and detection of digital watermarks in digital data;"

9. U.S. Patent 8,225,099 titled "Linear predictive coding implementation of digital watermarks;"

10. U.S. Patent 8,307,213 titled "Method and System for Digital Watermarking;" as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2.     Plaintiff Blue Spike, LLC is a Texas limited liability company and has its headquarters and principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703. Blue Spike, LLC is the assignee of the Patent-in-Suit, and has ownership of all substantial rights in the asserted Patents, including the rights to grant sublicenses, to exclude others from using it, and to sue and obtain damages and other relief for past and future acts of patent infringement.

3.     Verimatrix, Inc. is a California corporation and has its principal place of business at 6059 Cornerstone Court West, San Diego, CA 92121.

## JURISDICTION AND VENUE

4.     This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq.* The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1338(a), and 1367.

5.     The Court has personal jurisdiction over Defendant for at least four reasons: (1) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (2) Defendant regularly does business or solicits business in the District and in Texas; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (4) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here.

6.      On information and belief Verimatrix monitors video content related to patrons residing in the Eastern District of Texas.

7.      Thus, the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

8.      Venue is proper in this judicial district under 28 U.S.C. §§1391(b)–(c) and 1400(b) because Defendant does business in the State of Texas, Defendant has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's injury happened in the District, and Defendant is subject to personal jurisdiction in the District.

## THE ACCUSED PRODUCTS AND SERVICES

9.      Defendant designs, develops, employs, and/or manufactures a digital watermarking technology (including, but not limited to, VideoMark and StreamMark and their related solutions ViewRight, Video Content Authority Systems (VCAS), and Verimatrix/Reveal) that encodes and/or decodes watermarks contained within video content, the "Accused Products," which infringe one or more claims of the Patents-in-Suit.

10.     Defendant has not obtained a license for any of Blue Spike's patented technologies.

11.     Yet Defendant's Accused Products are using methods, devices, and systems taught by Blue Spike's Patents-in-Suit.

## COUNT 1:

### Infringement of U.S. Patent 5,889,868 titled "Optimization methods for the insertion, protection, and detection of digital watermarks in digitized data"

12.     Blue Spike incorporates by reference the allegations in paragraphs above.

13.     The '868 Patent is valid, is enforceable, and was duly and legally issued from the United States Patent and Trademark Office.  It has a filing date of July 2, 1996.

14.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '868 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

15.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '868 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '868 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '868 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '868 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '868 Patent at least as early as

the service of this complaint and is thus liable for infringement of one or more claims of the '868 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '868 Patent under 35 U.S.C. §271.

16.    Defendant's acts of infringement of the '868 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '868 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

17.    On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

      a.    Through Verimatrix's negotiations to license the Patents-in-Suit and related technology; and

      b.    Citations to Patents-in-Suit in its own patents.

18.    On information and belief, Defendant has at least had constructive notice of the '868 Patent by operation of law.

## COUNT 2:

**Infringement of U.S. Patent 7,770,017 titled "Optimization methods for the insertion, protection, and detection of digital watermarks in digitized data"**

19.    Blue Spike incorporates by reference the allegations in paragraphs above.

20.    The '017 Patent is valid, is enforceable, and was duly and legally issued from the United States Patent and Trademark Office.

21.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '017 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

22.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '017 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '017 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '017 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '017 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '017 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '017 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '017 Patent under 35 U.S.C. §271.

23.     Defendant's acts of infringement of the '017 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35

U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '017 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

24.     On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

      a.     Through Verimatrix's negotiations to license the Patents-in-Suit and related technology; and

      b.     Citations to Patents-in-Suit in its own patents.

25.     On information and belief, Defendant has at least had constructive notice of the '017 Patent by operation of law.

## COUNT 3:

### Infringement of U.S. Patent 7,877,609 titled "Optimization methods for the insertion, protection, and detection of digital watermarks in digital data"

26.     Blue Spike incorporates by reference the allegations in paragraphs above.

27.     The '609 Patent is valid, is enforceable, and was duly and legally issued from the United States Patent and Trademark Office.

28.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '609 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

29.    Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '609 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '609 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '609 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '609 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '609 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '609 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '609 Patent under 35 U.S.C. §271.

30.    Defendant's acts of infringement of the '609 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '609 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

31.     On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

      a.     Through Verimatrix's negotiations to license the Patents-in-Suit and related technology; and

      b.     Citations to Patents-in-Suit in its own patents.

32.     On information and belief, Defendant has at least had constructive notice of the '609 Patent by operation of law.

**COUNT 4:**
**Infringement of U.S. Patent 7,913,087 titled "Optimization methods for the**
**insertion, protection, and detection of digital watermarks in digital data"**

33.     Blue Spike incorporates by reference the allegations in paragraphs above.

34.     The '087 Patent is valid, is enforceable, and was duly and legally issued from the United States Patent and Trademark Office.

35.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '087 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

36.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '087 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one

or more claims of the '087 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '087 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '087 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '087 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '087 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '087 Patent under 35 U.S.C. §271.

37.     Defendant's acts of infringement of the '087 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '087 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

38.     On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

    a.     Through Verimatrix's negotiations to license the Patents-in-Suit and related technology; and

    b.     Citations to Patents-in-Suit in its own patents.

39.     On information and belief, Defendant has at least had constructive notice of the '087 Patent by operation of law.

**COUNT 5:**

**Infringement of U.S. Patent 7,953,981 titled "Optimization methods for the insertion, protection, and detection of digital watermarks in digital data;"**

40.     Blue Spike incorporates by reference the allegations in paragraphs above.

41.     The '981 Patent is valid, is enforceable, and was duly and legally issued from the United States Patent and Trademark Office.

42.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '981 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

43.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '981 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '981 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '981 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '981 Patent under 35 U.S.C. § 271. Those whom Defendant

induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '981 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '981 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '981 Patent under 35 U.S.C. §271.

44.     Defendant's acts of infringement of the '981 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '981 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

45.     On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

      a.     Through Verimatrix's negotiations to license the Patents-in-Suit and related technology; and

      b.     Citations to Patents-in-Suit in its own patents.

46.     On information and belief, Defendant has at least had constructive notice of the '981 Patent by operation of law.

## COUNT 6:

## Infringement of U.S. Patent 8,121,343 titled "Optimization Methods For The Insertion, Protection, and Detection of Digital Watermarks in Digitized Data"

47.     Blue Spike incorporates by reference the allegations in paragraphs above.

48.    The '343 Patent is valid, is enforceable, and was duly and legally issued from the United States Patent and Trademark Office.

49.    Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '343 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

50.    Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '343 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '343 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '343 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '343 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '343 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '343 Patent under 35 U.S.C. §271.

51.     Defendant's acts of infringement of the '343 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '343 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

52.     On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

     a.     Through Verimatrix's negotiations to license the Patents-in-Suit and related technology; and

     b.     Citations to Patents-in-Suit in its own patents.

53.     On information and belief, Defendant has at least had constructive notice of the '343 Patent by operation of law

## COUNT 7:

## Infringement of U.S. Patent 8,161,286 titled "Method and System for Digital Watermarking"

54.     Blue Spike incorporates by reference the allegations in paragraphs above.

55.     The '286 Patent is valid, is enforceable, and was duly and legally issued from the United States Patent and Trademark Office.

56.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '286 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and

devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

57.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '286 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '286 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '286 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '286 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '286 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '286 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '286 Patent under 35 U.S.C. §271.

58.     Defendant's acts of infringement of the '017 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '286 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

59.     On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

     a.     Through Verimatrix's negotiations to license the Patents-in-Suit and related technology; and

     b.     Citations to Patents-in-Suit in its own patents.

60.     On information and belief, Defendant has at least had constructive notice of the '286 Patent by operation of law

## COUNT 8:

**Infringement of U.S. Patent 8,175,330 titled "Optimization methods for the insertion, protection, and detection of digital watermarks in digital data"**

61.     Blue Spike incorporates by reference the allegations in paragraphs above.

62.     The '330 Patent is valid, is enforceable, and was duly and legally issued from the United States Patent and Trademark Office.

63.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '330 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

64.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '330 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling,

without license or authority, products for use in systems that fall within the scope of one or more claims of the '330 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '330 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '330 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '330 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '330 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '330 Patent under 35 U.S.C. §271.

65.    Defendant's acts of infringement of the '330 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '330 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

66.    On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

a.    Through Verimatrix's negotiations to license the Patents-in-Suit and related technology; and

b.    Citations to Patents-in-Suit in its own patents.

67.     On information and belief, Defendant has at least had constructive notice of the '330 Patent by operation of law.

**COUNT 9:**

**Infringement of U.S. Patent 8,225,099 titled  "Linear predictive coding**

**implementation of digital watermarks"**

68.     Blue Spike incorporates by reference the allegations in paragraphs above.

69.     The '099 Patent is valid, is enforceable, and was duly and legally issued from the United States Patent and Trademark Office.

70.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '099 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

71.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '099 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '099 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '099 Patent under 35 U.S.C. § 271. Those whom Defendant

induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '099 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '099 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '099 Patent under 35 U.S.C. §271.

72.     Defendant's acts of infringement of the '099 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '099 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

73.     On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

     a.     Through Verimatrix's negotiations to license the Patents-in-Suit and related technology; and

     b.     Citations to Patents-in-Suit in its own patents.

74.     On information and belief, Defendant has at least had constructive notice of the '099 Patent by operation of law.

**COUNT 10:**
**Infringement of U.S. Patent 8,307,213 titled "Method and System for Digital Watermarking"**

75.     Blue Spike incorporates by reference the allegations in paragraphs above.

76.     The '213 Patent is valid, is enforceable, and was duly and legally issued from the United States Patent and Trademark Office.

77.     Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '213 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

78.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '213 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '213 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '213 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '213 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '213 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '213 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '213 Patent under 35 U.S.C. §271.

79.     Defendant's acts of infringement of the '213 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '213 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

80.     On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

    a.      Through Verimatrix's negotiations to license the Patents-in-Suit and related technology; and

    b.      Citations to Patents-in-Suit in its own patents.

81.     On information and belief, Defendant has at least had constructive notice of the '213 Patent by operation of law.

### REQUEST FOR RELIEF

Blue Spike incorporates each of the allegations in paragraphs 1 through 18 above and respectfully asks the Court to:

(a)     enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the Patent-in-Suit;

(b)     enter a judgment awarding Blue Spike all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the Patent-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)     enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for

Defendant's willful infringement of one or more of the Patent-in-Suit;

(d)     issue a preliminary injunction and thereafter a permanent injunction enjoining and

restraining Defendant, its directors, officers, agents, servants, employees, and those

acting in privity or in concert with them, and their subsidiaries, divisions, successors, and

assigns, from further acts of infringement, contributory infringement, or inducement of

infringement of the Patent-in-Suit;

(e)     enter a judgment requiring Defendant to pay the costs of this action, including all

disbursements, and attorneys' fees as provided by 35 U.S.C. §285, together with

prejudgment interest; and

(f)     award Blue Spike all other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Blue Spike demands a jury trial on all issues that may be determined by a jury.


Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
GARTEISER HONEA, P.C.
119 W Ferguson St.
Tyler, Texas 75702
Tel/Fax:  (888) 908-4400

Kirk J. Anderson
  California Bar No. 289043
Molly A. Jones
  California Bar No. 301419

**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

***Counsel for Blue Spike, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this date stamped above.

     /s/ Randall T. Garteiser     
Randall T. Garteiser