**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC | § | |
| | § | 2:16-cv-00329-RWS |
| *Plaintiff* | § | LEAD CASE |
| | § | |
| v. | § | |
| | § | |
| VERIMATRIX, | § | |
| | § | |
| *Defendant* | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| BLUE SPIKE, LLC. | § | 2:16-CV-0701-RWS |
| | § | MEMBER CASE |
| *Plaintiff* | § | |
| v. | § | |
| | § | |
| MEDIA SCIENCE INCORPORATED, | § | |
| | § | |
| *Defendant* | § | |
| | § | |

**MEDIA SCIENCE INCORPORATED'S MOTION TO DISMISS OR TRANSFER**

COMES NOW Defendant Media Science Incorporated ("MSI") and files this Motion to Dismiss or Transfer.  For the reasons stated below, MSI maintains:  1) that this case should be dismissed under Federal Rules of Civil Procedure (FRCP) 12(b)(2)  and (3) for lack of personal jurisdiction and venue; 2) that this case should be dismissed under FRCP 12(b)(6) for failure to state a claim; and, in the alternative, 3) that this case should be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California.

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................... 1

II.   STATEMENT OF THE ISSUES ........................................................................... 3

III.   STATEMENT OF FACTS ...................................................................................... 3

   A.   The parties and patents-in-suit .......................................................................... 3

      1.   Plaintiff Blue Spike ..................................................................................... 3

      2.   Defendant MSI ............................................................................................. 4

      3.   The patents-in-suit ....................................................................................... 4

   B.   Procedural History ............................................................................................. 5

IV.   ARGUMENT ........................................................................................................... 6

   A.   The Complaint and First Amended Complaint Should be Dismissed for Lack of Personal Jurisdiction and Venue under FRCP 12(b)(2) and (3) .............................................................. 7

      1.   The applicable law ....................................................................................... 7

      2.   Plaintiff cannot establish specific jurisdiction over MSI ................................ 8

      3.   Plaintiff cannot establish venue over MSI ................................................... 10

      4.   Plaintiff's request for jurisdictional discovery should be denied ................. 11

   B.   The First Amended Complaint Should Be Dismissed for Failure to State A Claim Under FRCP 12(b)(6) ..................................................................................................... 11

      1.   The First Amended Complaint does not state a claim for direct patent infringement under 35 U.S.C. § 271(a) ........................................................................................ 12

      2.   The First Amended Complaint does not state a claim for indirect patent infringement under 35 U.S.C. §§ 271(b) and (c) .................................................................... 14

   C.   In the Alternative, This Case Should be Transferred to the Central District of California 16

V.   CONCLUSION ..................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Antonious v. Spalding Evenflo Co.*,

   275 F.3d 1066, (Fed. Cir. 2002) ............................................................................ 13

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,

   365 U.S. 336, (1961) ............................................................................................. 14

Ashcroft v. Iqbal,

   556 U.S. 662, (2009) ............................................................................................. 12

*Bell Atlantic Corp. v. Twombly*,

   550 U.S. 554, (2007) ........................................................................................ 11, 12

*Beverly Hills Fan Corp. v. Royal Sovereign Corp.*,

   21 F.3d 1558, (Fed. Cir. 1994) ................................................................................ 8

*Blue Spike LLC v. Texas Instruments, Inc.*,

   6:12-cv-00499-MHS (E.D. Tex. March 31, 2014) ...................................... 2, 10, 11

*Blue Spike LLC v. Texas Instruments, Inc.*,

   Case No. 6:12-cv-499, Dkt. No. 1646 (E.D. Tex. July 22, 2014) .......................... 15

*Burger King Corp. v. Rudziewicz*,

   471 U.S. 462, (1985) ............................................................................................... 8

*Bush Seismic Technologies, LLC v. American Gem Society*,

   Case No. 2:1-cv-1809-JRG. Dkt No. 44 at 4 (E.D. Tex. April 13, 2016) ............... 15

*Cellular Communs Equip. LLC v. HTC Corp.*,

   No. 6-13-ev-507, 2015 U.S. Dist. LEXIS 179461, at 28 E.D. Tex. Mar. 27, 2015 ................. 15

*Core Wireless Licensing S.A.R.L. v. Appl, Inc.*,

   2015 WL 4910427 *4 (E.D. Texas August 13, 2015 ............................................ 14

*Daimler AG v. Bauman*,

   134 S.Ct. 746, (2014) .............................................................................................. 7

*Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N. Am. Inc.*,

   no. 6:11-cv-34 LED-JDL, 2011 U.S. Dist. LEXUS 155952 (E.D. Tex. Sep. 29, 2011) .......... 12

*Global Tech. Appliances Inc. v. SEB S.A.*,

   563 U.S. 754, (2011) ............................................................................................. 14

In re *Bell Atlantic Corp. v. Twombly*,

  550 U.S. 554, (2007) ................................................................................................. 12

In re *Bill of Lading Transmission and Processing Patent System Litigation*,

  681 F.3d 1323, (Fed. Cir. 2012) .................................................................... 12, 13, 14

In re *TS Tech USA Corp.*,

  551 F.3d, (Fed. Cir. 2008) ......................................................................................... 16

*In re Volkswagen of Am., Inc.*,

  545 F.3d 304, (5th Cir.2008) (en banc) ..................................................................... 16

*International Shoe Co. v. Washington*,

  326, US 310 (1945) ....................................................................................................... 7

*McZeal v. Sprint Nextel Corp.*,

  501 F.3d 1354, (Fed. Cir. 2007) ................................................................................ 11

*Milliken v. Meyer*,

  311 U.S. 457, (1940) ..................................................................................................... 7

*Moncrief Oil International, Inc. v. OAO Gazprom*, 414 S.W.3d 142 (Tex. 2013)........................ 7

*Piper Aircraft Co. v. Reyno*,

  454 U.S. 235, (1981) ................................................................................................... 16

*Ruby Sands LLC v. Am. Nat'l Bank of Tex,*

  No. 2:15-cv-1955-JRG, 2016 U.S. Dist. LEXUS 83897 (E.D. Tex. June 28, 2016)................ 12

*TIP Systemss, LLC v. Phillips & Brooks/Gladwin*,

  529 F.3d 1364, (Fed. Cir. 2008) ................................................................................ 12

*Walden v. Fiore*,

  134 S.Ct. 1115, (2013) ........................................................................................... 8, 10

*World Wide Volkswagen Corp. v. Woodson*,

  444 U.S. 286, (1980) ............................................................................................... 8, 9

**Statutes**

28 U.S.C. § 1391(b) ........................................................................................................ 10

28 U.S.C. § 1391(c) ........................................................................................................ 10

28 U.S.C. § 1400(b) ........................................................................................................ 10

28 U.S.C. § 1404(a) ........................................................................................... 1, 6, 16, 17

35 U.S.C. § 271(c) ......................................................................................................... 2, 14

Tex. Civ. Prac. & Rem. Code § 17.042 ................................................................................ 7

**Rules**

Fed. R. Civ. P. 11(b) ..................................................................................................... 2, 13

Fed. R. Civ. P. 12(b)(2) ............................................................................................ 1, 6, 17

Fed. R. Civ. P. 12(b)(3) ............................................................................................ 1, 6, 17

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 6, 17

## I.  INTRODUCTION

This is defendant MSI's second motion to dismiss or transfer this patent infringement case.  This motion is necessary because plaintiff Blue Spike, LLC ("Blue Spike") filed on November 18, 2016, a First Amended Complaint (D.I. 68 (lead case)) in an attempt to remedy deficiencies in its original Complaint (D.I. 1 member case) and to moot MSI's original motion to dismiss or transfer (D.I 9 member case) filed October 31, 2016.  Plaintiff's First Amended Complaint fails to remedy those deficiencies or to moot MSI's motion to dismiss or transfer.

 The deficiencies of Plaintiff's Complaint and First Amended Complaint include:  1) failure to allege facts sufficient to establish personal jurisdiction and venue; and, 2) failure to allege facts sufficient to support allegations of direct or indirect patent infringement.

Plaintiff cannot establish either personal jurisdiction or venue in Texas because defendant MSI has no presence in or connection with Texas.  MSI is a six-person company based in California and incorporated in Delaware.  It sells software and services to a limited clientele based primarily in California, New York, and Tennessee.  It has no place of business or employees in Texas.  MSI has not sold or offered to sell any product or service in the state of Texas, and does not have distributors who could distribute its products in Texas.  Plaintiff does not dispute any of these facts.  Nor does it identify a single alleged act of patent infringement in the state of Texas.

Plaintiff instead attempts to establish jurisdiction based on alleged business conducted by MSI's customers in Texas that even Plaintiff does not contend are acts of patent infringement. This theory of personal jurisdiction would upset decades of settled case law that a defendant must have "minimum contacts" with the forum state to establish personal jurisdiction and that only the contacts of the defendant, rather than third-parties, are relevant to specific jurisdiction.

The Eastern District of Texas has rejected Plaintiff's attempts to advance this theory in the past, and it should do so again here.  *See Blue Spike LLC v. Texas Instruments, Inc.*, 6:12-cv-00499-MHS (E.D. Tex. March 31, 2014).

Plaintiff has not plead sufficient facts to state a claim for "direct" patent infringement under 35 U.S.C. § 271(a).  Plaintiff identifies one product sold by MSI, Studio CDN, but does not allege any facts explaining how that product meets any of the over 200 patent claims in the ten patents in suit.  To compound the problem, Plaintiff has not provided required infringement contentions, due November 22, 2016, under the Court's Docket Control Order.  What precisely is accused of patent infringement, and how, remains a matter of speculation.

Plaintiff's allegations of indirect infringement under 35 U.S.C. §§ 271(b) and (c) suffer from yet another problem:  they are impossible.  Nine out of ten of the patents-in-suit expired on July 2, 2016, the day after the original Complaint was filed and four days before the Complaint was provided to MSI.  Because MSI had no knowledge of the patents-in-suit prior to their expiration, and because knowledge of the patent is required to state a claim for indirect infringement, there can be no claim for indirect infringement of the expired patents.  The indirect infringement claim for the tenth patent, which expires December 20, 2016, also must be dismissed because Plaintiff did not provide pre-suit notice of infringement and because the Amended Complaint does not specify any specific act of indirect infringement.  Indeed, these deficiencies, alone or in combination, approach or exceed a showing of bad faith in violation of FRCP 11(b).

In the alternative, this Court may, in its discretion, transfer this case to Central District of California, where defendant and its witnesses are located.  Plaintiff has not identified any witness who resides in the state of Texas.

## II.  STATEMENT OF THE ISSUES

1.  Whether Blue Spike's Complaint fails to plead specifically a claim for direct infringement because it does not describe how the technology covered by the 9 now expired patents and one patent in force until December 20, 2016, is allegedly practiced by the accused products of MSI.

2.  Whether Blue Spike's Complaint fails to plead specifically a claim for indirect infringement because:

    a.  The Complaint does not plausibly plead a claim of underlying direct infringement;

    b.  The Complaint fails to allege and  support acts that induce infringement; and

    c.  The Complaint fails to identify any components of an accused product that lacks substantial non-infringing uses and fails to support that any accused product or component therein lacks substantial non-infringing uses.

3.  Whether there is personal jurisdiction over MSI.

4.  Whether for the convenience of the parties and witnesses, located in the Central District of California, the case should be transferred there.

## III. STATEMENT OF FACTS

### A.   The parties and patents-in-suit

### 1.   Plaintiff Blue Spike

Plaintiff Blue Spike purports to own a portfolio of patents that name as their inventor Scott Moskowitz.  Blue Spike is based in Tyler, Texas.  It does not itself make, use or sell any

product embodying the patents-in-suit.  The only business transacted in Texas by Blue Spike is litigation and licensing of its patent portfolio.

### 2.  Defendant MSI

Defendant MSI is a six-person company based in Woodland Hills, California and incorporated in Delaware.  MSI sells software products and services, some of which include watermarking capabilities, including Studio CDN.  Studio CDN provides fast and secure transfer of assets including music, video, and images.  MSI's primary customers are studios based in California, Tennessee, and New York.  Declaration of Graham Oakes ("Oakes Dec.") ¶¶ 2, 5, 8, 11 (attached to this motion as Exhibit 1 and also attached as Exhibit 1to original motion to dismiss, D.I. 9 member case).

MSI does not have any office, facility, employee, or representative based in Texas.  It has never made a sale of any product, including its accused Studio CDN product, in Texas.  MSI is aware of one customer who has a Texas address, but that customer purchased an MSI product in Tennessee.  Oakes Dec. ¶¶ 8-12.

MSI does not design or develop digital watermarking software.  To the extent MSI's products including watermarking capabilities, those capabilities derive from software that MSI licenses from a company based in Korea.  MSI does not possess the source code for that software or know how it works.

MSI first learned of the patents-in-suit on July 5, 2016, after it received a copy of the Complaint that Plaintiff had filed on July 1, 2016.  Oakes Dec. ¶ 3.

### 3.  The patents-in-suit

The ten patents-in-suit are directed to the same subject matter, which are methods for generating and applying digital watermarks to media content.  The methods typically are

implemented in software.  Some patent claims are directed to those methods; others are directed

to storage media (such as a disk or CD-ROM) that store the instructions (software) to perform

the digital watermarking methods.  The ten patents include over 200 claims, collectively.

The patents do not claim digital watermarks themselves.  The patents concede, as they

must, that digital watermarks were known prior to the patents-in-suit.

Of the ten patents-in-suit, nine expired on July 2, 2016; one day after Plaintiff filed the

original Complaint in this case.  The tenth patent expires on December 20, 2016.


### B.    Procedural History

Plaintiff filed its original Complaint (D.I. 1 member case) on July 1, 2015.  That

Complaint was served on MSI no earlier than July 5, 2016.  Oakes Dec. ¶ 3.

On October 31, 2016, MSI filed its first motion to dismiss or transfer.  (D.I. 9 member

case).  The grounds for the motion included lack of personal jurisdiction and failure to state a

claim for either direct or indirect infringement.  The motion sought, in the alternative, transfer to

the United States District Court for the Central District of California.

On November 1, 2016, the Court consolidated the action against MSI with case no. 2:16-

cv-00329-RWS, which is now the lead case for eight defendants.  (D.I. 11 member case).

On November 18, 2016, Plaintiff filed a First Amended Complaint (D.I. 68 lead case) and

opposition to MSI's motion to dismiss or transfer (D.I. 12 member case).  In its opposition,

Plaintiff contended that its Amended Complaint moots MSI's motion to dismiss.

Plaintiff's First Amended Complaint identifies Studio CDN as the accused product.  First

Amended Complaint at ¶ 16.  Like the original Complaint, however, it does not allege any facts

explaining how or why Studio CDN infringes any claim of any patent-in-suit.  It makes only conclusory allegations on the issues of personal jurisdiction, venue, and infringement.

Also on November 18, 2016, the Court entered its Docket Control, Electronic Discovery and Protective Orders.  (D.I.s 65-67 lead case).

Pursuant to the Docket Control Order and the Local Rules for the Eastern District of Texas, on November 22, 2016, Plaintiff was required to serve infringement contentions specifying how each asserted claim reads on each accused product.  Plaintiff did not and has not served such contentions.

On November 28, 2016, MSI filed its reply in support of its motion to dismiss.  (D.I. 69 lead case).

Notwithstanding the lack of personal jurisdiction over MSI, MSI will provide initial disclosures and commence document production on December 6, 2016, as required by the Docket Control Order.  MSI will do so, however, with full reservation of its rights to contest jurisdiction.

## IV. ARGUMENT

Neither Plaintiff's Complaint nor First Amended Complaint alleges sufficient facts to support personal jurisdiction or venue in this Court, or to support an allegation of direct or indirect patent infringement of any claim of any patent-in-suit.  Accordingly, this Court should dismiss this case:  1) under FRCP 12(b)(2) for lack of personal jurisdiction; 2) under FRCP 12(b)(3) for lack of proper venue; and 3) under FRCP 12(b)(6) for failure to state a claim.  In the alternative, this Court should transfer this case to the United States District Court for the Central District of California on the grounds of *forum non conveniens* under 28 U.S.C. § 1404(a).

A.   **The Complaint and First Amended Complaint Should be Dismissed for Lack of Personal Jurisdiction and Venue under FRCP 12(b)(2) and (3)**

1.   **The applicable law**

Texas courts can exercise personal jurisdiction over a non-resident defendant only if the plaintiff's complaint alleges sufficient facts:  1) to meet the requirements of Texas "long-arm" statute, Tex. Civ. Prac. & Rem. Code § 17.042; and, 2) to meet the "due process" requirement of the U.S. Constitution. *Moncrief Oil International, Inc. v. OAO Gazprom*, 414 S.W.3d 142 (Tex. 2013).

To meet the due process requirement of the U.S. Constitution, the defendant must be shown to have "minimum contacts" with the forum, and those contacts must be sufficiently substantial so as not to offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326, 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940).

There are two ways to meet the due process requirement of "minimum contacts."  One is to establish "general jurisdiction" based on continuous and systematic contacts with the forum state. *Daimler AG v. Bauman*, 134 S.Ct. 746, 755 (2014).  Because general jurisdiction can be established only if the defendant is "at home" in the forum state, for example, if it is incorporated or has a principal place of business in the forum state, *id.*, 134 S.Ct. at 760-61), Plaintiff cannot establish general jurisdiction over MSI in this case.  Plaintiff has not plead any specific fact in support of general jurisdiction, and Plaintiff has not disputed that MSI is neither incorporated in Texas nor has a principal place of business in Texas.

A second way to meet the due process requirement is to prove "specific jurisdiction" in the forum state arising out of the conduct for which plaintiff seeks a remedy.  For a state to

7

exercise suit-related jurisdiction, the defendant's conduct "must create a substantial connection with the forum state." *Walden v. Fiore*, 134 S.Ct. 1115, 1121-22 (2013).

To create a substantial connection with the forum state, the defendant must purposely avail itself of the protections of the forum state. *Burger King Corp. v. Rudziewicz*, 471 U.S. 462, 473 (1985). Contacts with the forum state must be through foreseeable conduct such that the defendant can reasonably anticipate being haled into court there. *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980).

"The relationship between the defendant and the forum state must arise out of the contacts that the "defendant *himself*" creates with the forum State. *Walden*, 134 S.Ct. at 1122 (quoting *Burger King*, 471 U.S. at 475). Accordingly, neither the contacts of the plaintiff nor the contacts of third-parties are relevant to determine whether specific jurisdiction can be established. *Id.*

Where, as here, the subject of the complaint is patent infringement, specific jurisdiction can be established either by showing either that the defendant committed acts of patent infringement in the forum state, or that defendant sold products or services in the forum state through an "established distribution channel." *Beverly Hills Fan Corp. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994).

### 2.   Plaintiff cannot establish specific jurisdiction over MSI

Plaintiff's First Amended Complaint does not allege any facts or identify any act of patent infringement allegedly committed in Texas. Nor does Plaintiff allege any facts to show that MSI sells products or services in Texas through an "established distribution channel." Indeed, Plaintiff does not contest any fact in the declaration of MSI's CEO, Graham Oakes. The Oakes declaration confirms that MSI has not done any business with Texas, does not distribute

products in Texas, and has no meaningful connection with Texas.  Accordingly, Plaintiff cannot demonstrate specific jurisdiction under the longstanding law of due process.[1]

Plaintiff nonetheless asks this Court to exercise personal jurisdiction based on the following facts – the only specific facts alleged in Plaintiff's First Amended Complaint:  1) one of MSI's customers has a Texas address; and, 2) at least two of MSI's record label customers have integrated allegedly "infringing technology" into their products and services and themselves conduct business in Texas.

Neither fact, alone or in combination, is sufficient to support specific jurisdiction. Plaintiff does not cite or identify any binding law under which these facts would be relevant to the specific jurisdiction analysis.

Plaintiff's Complaint does not allege – and it cannot – that the lone Texas customer committed any act of patent infringement in Texas.  Plaintiff does not dispute that the lone Texas customer purchased the sole accused product, Studio CDN, in Tennessee.  Accordingly, the residency of MSI's customer is insubstantial and has no bearing on the question of specific jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U. S. at 297 ("random," "fortuitous" and "attenuated" contacts insufficient to establish jurisdiction).

Plaintiff's allegation that two of MSI's record label customers integrated "infringing technology" into unspecified "products and services" with an unspecified connection to Texas also is not sufficient to establish personal jurisdiction.  The First Amended Complaint not only fails to identify any "product or service" into which the "infringing technology" has allegedly been "integrated," but also fails to allege that either record label actually committed an act of

---

[1] In addition to failing to meet the Constitutional requirements to establish personal jurisdiction, Plaintiff's First Amended Complaint fails to establish jurisdiction under Texas state law and in particular the long-arm statute. Plaintiff's First Amended Complaint does not set forth any Texas statute under which jurisdiction is alleged or could be found.

patent infringement in Texas.   The fact that one of MSI's alleged customers may have a recording studio in Texas does not plausibly suggest that patent infringement occurred there (especially considering MSI did not make any sale in Texas).   Drawing inferences in favor of Plaintiff, the most that Plaintiff's First Amended Complaint and attachments could be said to allege is that MSI's customers offered to sell products in Texas with digital watermarks.   Not even Plaintiff has alleged that selling watermarked content is an act of patent infringement – and Plaintiff could not so allege, because the patents relate to *methods* and *software* for making watermarks, not watermarks themselves.

In the end, Plaintiff seeks to establish jurisdiction not on *defendant's* contacts, but rather those of its third-party customers.   The U.S. Supreme Court foreclosed this approach as a matter of law in *Walden v. Fiore*, *supra.*   Plaintiff's conclusory allegations of jurisdiction remain unsupported.

This is not the first time that Blue Spike has attempted to establish jurisdiction through the activities of third-party "partners" rather than the defendant itself in the Eastern District of Texas.   Blue Spike's earlier attempt was unsuccessful, and the result should be no different in this case.   *See Blue Spike LLC v. Texas Instruments, Inc.*, 6:12-cv-00499-MHS (E.D. Tex. March 31, 2014).

### 3.   Plaintiff cannot establish venue over MSI

Plaintiff's First Amended Complaint asserts that venue is appropriate under 28 U.S.C. §§1391(b)–(c) and 1400(b).   To establish venue under any of those statutes, defendant must either reside in the forum state or have committed acts of infringement and have a regular and established place of business in the forum state.   Plaintiff has not alleged any specific facts

establishing any of these requirements.  In fact these requirements are not met by MSI, which has no connection to Texas.  Venue has not been established.

### 4.    Plaintiff's request for jurisdictional discovery should be denied

In its Opposition to MSI's first Motion to Dismiss or Transfer, Plaintiff requested the opportunity to conduct jurisdictional discovery.  The request should be denied.

Especially in light of the Oakes Declaration, which Plaintiff does not dispute, Plaintiff has not explained how jurisdictional discovery is likely to reveal any fact that would bear on the outcome or assist the Court to resolve the jurisdictional question.  Nor has it explained what discovery it wishes to take and why such discovery would be proportional to the needs of the case.

In this case, therefore, jurisdictional discovery would serve only to waste the resources of the party and the Court, and to delay resolution of this lawsuit.  *See, e.g., Blue Spike LLC v. Texas Instruments, Inc.*, 6:12-cv-00499-MHS (E.D. Tex. March 31, 2014) (granting motion to dismiss for lack of personal jurisdiction and rejecting request for discovery as a "fishing expedition.").

### B.    The First Amended Complaint Should Be Dismissed for Failure to State A Claim Under FRCP 12(b)(6)

In considering a motion to dismiss under FRCP 12(b)(6), courts must consider whether the complaint states a valid claim for relief.  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  The complaint should be read in the light most favorable to the plaintiff.  *Id.*  The claim for relief must, however, be plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S 554, 570 (2007).

A complaint that merely pleads facts "consistent with" liability falls short of plausibility. In re Bill of Lading Transmission and Processing Patent System Litigation, 681 F.3d 1323, 1332 (Fed. Cir. 2012)  (quoting Twombly, 550 U.S. at 546).  Mere formulaic or conclusory recitations of the elements of a cause of action does not state a claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

    **1.    The First Amended Complaint does not state a claim for direct patent infringement under 35 U.S.C. § 271(a)**

Direct patent infringement includes the unauthorized making, using selling, offering for sale or importing into the United States a patented invention during the term of the patent.  35 U.S.C. § 271(a).  To directly infringe a patent claim, the accused product or service must practice every limitation of the patent claim.  *TIP Systemss, LLC v. Phillips & Brooks/Gladwin*, 529 F.3d 1364, 1379 (Fed. Cir. 2008).

"To state a claim for direct infringement, the complaint must explicitly plead facts to plausibly support the assertion that a defendant plausibly "without authority makes, uses, offers to sell, OR sells any patented invention during the term of the patent."  *Ruby Sands LLC v. Am. Nat'l Bank of Tex,* No. 2:15-cv-1955-JRG, 2016 U.S. Dist. LEXUS 83897 at *7 (E.D. Tex. June 28, 2016).  In the context of software patents (such as the watermarking software in this case) this Court has held that "cases involving more nebulous, less tangible inventions such as software methods may require  a higher degree of specificity to  provide proper notice to the defendant."  *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N. Am. Inc.*, no. 6:11-cv-34 LED-JDL, 2011 U.S. Dist. LEXUS 155952 at *11 (E.D. Tex. Sep. 29, 2011).

Plaintiff's First Amended Complaint does not put MSI on notice how it, or any product or service that it sells, infringes any claim of any patent-in-suit.  The First Amended Complaint

does identify one MSI product, Studio CDN, but it offers no facts or explanation as to how Studio CDN, or any portion of it, practices the limitations of any claim.  Plaintiff's First Amended Complaint provides only conclusory allegations of infringement that leave MSI to speculate as to what actually is accused of infringement.  Plaintiff had an opportunity to alleviate the deficiencies in the allegations in its First Amended Complaint by serving timely infringement contentions as required by the Docket Control Order and Local Rules, but did not do so.

Plaintiff may argue that Studio CDN has the capability to apply digital watermarks to media content.  Viewed in a light most favorable to Plaintiff, that alone is not sufficient to state a plausible claim for patent infringement.

Plaintiff must concede, as every one of its patents concedes, that digital watermarks existed prior to the patents.  The patents do not cover digital watermarks themselves; nor do they cover all ways of making them.  They purport to cover only particular ways of making digital watermarks.  As such, it is incumbent on the Plaintiff to provide facts that could reasonably support the practice of the methods as claimed.  This Plaintiff plainly has not done.

At best, Studio CDN's watermarking capability is consistent with, but not demonstrative of, patent infringement liability.  That is insufficient as a matter of law.  *See In re Bill of Lading*, *supra.*  Indeed, Plaintiff's failure to provide such facts suggests that a reasonable investigation of MSI's products sufficient to satisfy Rule 11 was not performed.  *See Antonious v. Spalding Evenflo Co.*, 275 F.3d 1066, 1074 (Fed. Cir. 2002) ("[A]n attorney violates Rule 11(b)(3) when an objectively reasonable attorney would not believe, *based on some actual evidence uncovered during the prefiling investigation*, that each claim limitation reads on the accused device either literally or under the doctrine of equivalents." (emphasis added)).

13

### 2. The First Amended Complaint does not state a claim for indirect patent infringement under 35 U.S.C. §§ 271(b) and (c)

A person who is not liable for direct patent infringement may be liable for indirect patent infringement.  To be liable for indirect infringement, a person must either "induce" the direct infringement of another under 35 U.S.C. § 271(b) or "contribute" to the direct infringement of another under 35 U.S.C. § 271(c).

In order to state a claim for either inducement of infringement or contributory infringement, the patentee must show:  1) that the defendant accused of indirect infringement had knowledge of an unexpired patent; and, 2) that at least one other person has directly infringed a patent claim due to defendant's indirect infringement.  *Global Tech. Appliances Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961); *In re Bill of Lading*, 681 F.3d at 1333.

Plaintiff's First Amended Complaint does not plead sufficient facts to show either MSI's knowledge of the patents-in-suit or that any other person directly infringed any patent claim as a result of MSI's alleged indirect infringement.  Plaintiff's First Amended Complaint, like its original Complaint, includes only conclusory allegations of knowledge of the patents and the direct infringement of another.  As a matter of law, this is insufficient.  *See, e.g. In re Bill of Lading, supra*; *Core Wireless Licensing S.A.R.L. v. Appl, Inc.*, 2015 WL 4910427 *4 (E.D. Texas August 13, 2015).

For nine out of ten of the patents-in-suit, indirect infringement is an impossibility.  These nine patents expired July 2, 2016, just one day after the Complaint was filed in this case, but more importantly three days before MSI's first knowledge of the patent through *receipt* of the Complaint on July 5, 2016.  Oakes Dec. ¶ 3.  MSI's Oakes Declaration stands uncontradicted.

Indeed, the First Amended Complaint concedes that knowledge of the patents-in-suit is based on *service*, not filing, of the Complaint.  *See, e.g.* ¶¶ 22, 29, 36, 43 etc.

Alternatively, Plaintiff's First Amended Complaint alleges (in support of alleged "willful infringement") constructive knowledge of the patents-in-suit prior to the filing of suit based on "due diligence" in a "freedom to operate report."  *See, e.g.* ¶¶ 25, 32, 39 etc.   The First Amended Complaint does not identify such a report or any fact suggesting a "freedom to operate" analysis was performed.  Indeed, no report exists and no "freedom to operate" analysis was done.  Oakes Dec. ¶ 3.  Plaintiff does not even have a Rule 11 basis for making such an allegation.

For the tenth patent, which expires December 20, 2016, Plaintiff does not state a claim because, at the time of the Complaint, MSI had no knowledge of that patent, and therefore Plaintiff had no basis to seek a remedy.  The majority of district courts apply the rule that, to state a claim for indirect infringement, pre-suit knowledge of the patent is required.  *E.g. Bush Seismic Technologies, LLC v. American Gem Society*, Case No. 2:1-cv-1809-JRG. Dkt No. 44 at 4 (E.D. Tex. April 13, 2016); *Blue Spike LLC v. Texas Instruments, Inc.*, Case No. 6:12-cv-499, Dkt. No. 1646 (E.D. Tex. July 22, 2014).

In addition to failing to alleged pre-suit knowledge of the patents, Plaintiff fails to allege any specific facts showing that any person committed an act of direct infringement as a result of the alleged indirect infringement.  Plaintiff further fails to plead any specific facts to substantiate the other predicates of the inducement and contributory infringement statutes.  *E.g. Cellular Communs Equip. LLC v. HTC Corp.*, No. 6-13-ev-507, 2015 U.S. Dist. LEXIS 179461, at 28 E.D. Tex. Mar. 27, 2015 (dismissing claim for contributory infringement where no facts plead demonstrate accused product is a material part of the claimed invention with no substantial non-infringing uses).

**C.   In the Alternative, This Case Should be Transferred to the Central District of California**

For the convenience of the parties and witness and in the interests of justice a district court can transfer a case to a district where the action could have been brought.  28 U.S.C. § 1404(a).  To warrant transfer, the transferee forum must be clearly more convenient.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.2008) (en banc) ("Volkswagen II")).

To determine whether a case should be transferred on *forum non conveniens* grounds under § 1404(a), courts in the Fifth Circuit consider public and private interest factors.   The "private" interest factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of compulsory process to secure the attendance of witnesses;

(3) the cost of attendance for willing witnesses; and

(4) all other practical problems that make a trial easy, expeditious and inexpensive.

The "public" interest factors to be considered are:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having localized interests decided at home;

(3) the familiarity of the forum with the law that will govern the case; and

(4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *In re TS Tech*, 551 F.3d at 1319 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981); *Volkswagen II*, 545 F.3d at 315)).

Both private and public factors favor transfer to the Central District of California, where MSI is located.  All of its employees reside there, as well as many of MSI's customers.  The

main sources of proof reside with MSI in California.  Plaintiff has not identified any witness that resides in Texas and neither of the inventors of the patents-in-suit is identified on the patents as residing in Texas; accordingly, litigation in the Central District of California would best serve the convenience of the witnesses.  As the weight of this matter is in California, California has the most substantial interest in the resolution of this case.

## V.  CONCLUSION

For the reasons stated above, Plaintiff's Complaint (D.I. 1 member case) and First Amended Complaint (D.I. 68 lead case) should be DISMISSED WITH PREJUDICE for lack of personal jurisdiction and venue, and for failure to state a claim, under FRCP 12(b)(2), (3) and (6).  Dismissal with prejudice is appropriate in view of Plaintiff's repeated failures to establish a basis for jurisdiction and to state a claim, and to reasonably investigate the facts prior to filing and serving the Complaint.  Alternatively, this Court should TRANSFER the case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

Dated 5th day of December, 2016                    Respectfully Submitted,

 /s/ Harold L. Novick      .
Harold L. Novick
DC Bar No. 181248

**NOVICK, KIM & LEE, PLLC**
3251 Old Lee Highway, Suite 404
Fairfax, VA 22030
Tel. No. 703-745-5495
Fax. (703) 563-9748
Email:  hnovick@nkllaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Jae Youn Kim
Email: skim@nkllaw.com

Guy N. Harrison
Attorney at Law
P.O. Box 2845
Longview, TX 75606
Tel. (903) 758-7361
Fax. (903) 753-9557
Email: guy@gnhlaw.com
ATTORNEY TO BE NOTICED

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in

compliance with Local Rule CV-5(a).  As such this document was served on all counsel.

<u>/s/ Harold Novick</u>