**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC<br>*Plaintiff*, | §<br>§ | Civil Action No. 2:16-cv-00329-RWS |
| v. | §<br>§<br>§ | |
| VERIMATRIX, INC.<br>*Defendant* | §<br>§<br>§ | |

---

**JOINT CLAIM CONSTRUCTION CHART PURSUANT TO P.R. 4-5(d)**

Pursuant to Local Patent Rule 4-5(d) and the Scheduling Order in this case, Plaintiff Blue Spike, LLC ("Blue Spike") and Defendant Media Science Incorporated ("MSI") hereby file their Joint Claim Construction Chart. The following chart contains the asserted claim and the disputed claim language for the patents-in-suit. The chart also includes the Parties' respective proposed constructions for the disputed terms.

# 4-5(d) Joint Claim Construction Chart

***Blue Spike LLC v. Verimatrix, Inc., et al.* – 2:16-cv-329-RWS**

## CLAIMS ASSERTED IN THIS CASE

| Patent and claim | Term | Blue Spike's Construction | MSI's Construction | Court's Construction |
|---|---|---|---|---|
| '868 patent, claim 9 | "the water mark message" | Plain and Ordinary meaning | Indefinite | |
| '609 patent, claims 13, 17 | "wherein the plurality of codecs is selected based on a predefined criterion comprising one of the group consisting of: robustness, impercep-tibility, security, said codec's association with the encoding of at least one watermark, upgradability, variance of encode or decode functions, and combinations thereof" | Plain and Ordinary meaning | Indefinite | |
| '213 patent, claims 33–40, 42, 44 | "detecting and/or decoding at least one watermark from an encoded content signal" | Plain and Ordinary meaning | Indefinite | |
| '213 patent, claim 36 | "wherein said separate keys are selected from a group comprising: a random key; a candidate key; a pseudo-random key; a watermark | Plain and Ordinary meaning | Indefinite | |

| Patent and claim | Term | Blue Spike's Construction | MSI's Construction | Court's Construction |
|---|---|---|---|---|
| | key; a watermarking key; a private key; a public key; a semiprivate key; a master framework key; a private key; and a digital watermark key." | | | |
| '213 patent, claim 42 | "the key used for decoding" | Plain and Ordinary meaning | Indefinite | |
| '213 patent, claim 44 | "wherein the step of detecting and/or decoding . . . is separate from the encoding process" | Plain and Ordinary meaning | Indefinite | |

## CLAIMS NOT ASSERTED IN THIS CASE

| | | | | |
|---|---|---|---|---|
| '868 patent, claim 5 | "input sample window" | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI's inclusion of these terms in this case, Blue Spike has not had the opportunity to further | Indefinite | |

| | | | | |
|---|---|---|---|---|
| | | investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests additional briefing. | | |
| ’868 patent, claim 5 | “abstract signal features” | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI’s inclusion of these terms in this case, Blue Spike has not had the opportunity to further investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests additional briefing. | Indefinite | |
| ’609 patent, claim 15 | “further comprising receiving at least one of the group comprising: at least one predetermined key, a codec module, a framework architectures, a function, an algorithm, and combinations thereof” | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI’s inclusion of these | Indefinite | |

| | | | | |
|---|---|---|---|---|
| | | terms in this case, Blue Spike has not had the opportunity to further investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests additional briefing. | | |
| ’609 patent, claim 18 | “a selector for selecting a digital signal stream” | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI’s inclusion of these terms in this case, Blue Spike has not had the opportunity to further investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests additional briefing. | Means-plus-function, Indefinite | |
| ’609 patent, claim 18 | “an encoder for encoding at least one digital watermark using one of a plurality of watermark codecs” | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in | Means-plus-function, Indefinite | |

| | | | | |
|---|---|---|---|---|
| | | this case. Additionally, given the untimeliness of MSI's inclusion of these terms in this case, Blue Spike has not had the opportunity to further investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests additional briefing. | | |
| '609 patent, claim 18 | "a decoder for decoding the at least one digital watermark using one of the plurality of watermark codecs" | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI's inclusion of these terms in this case, Blue Spike has not had the opportunity to further investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests additional briefing. | Means-plus-function, Indefinite | |
| '981 patent, claims 22, 24 | "analyzer for determining locations in the signal" | Blue Spike believes this term is definite, but | Means-plus-function, Indefinite | |

| | | | | |
|---|---|---|---|---|
| | | believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI's inclusion of these terms in this case, Blue Spike has not had the opportunity to further investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests additional briefing. | | |
| '981 patent, claims 22, 24 | "watermark message generator for generating at least one watermark message" | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI's inclusion of these terms in this case, Blue Spike has not had the opportunity to further investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests | Means-plus-function, Indefinite | |

| | | | | |
|---|---|---|---|---|
| | | additional briefing. | | |
| '330 patent, claim 3 | "computer including processor configured to identify locations within a digital signal which are suitable for embedding one or more bits of a watermark message" | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI's inclusion of these terms in this case, Blue Spike has not had the opportunity to further investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests additional briefing. | Means-plus-function, Indefinite | |
| '017 patent, claim 13–15 | "a selector to select a portion of the potentially watermarked signal to detect a digital watermark" | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI's inclusion of these terms in this case, Blue Spike has not had the opportunity to further investigate this term, procure the advice an expert witness, etc. In the | Means-plus-function, Indefinite | |

| | | | | |
|---|---|---|---|---|
| | | event the court decides to address these claims in this case, Blue Spike requests additional briefing. | | |
| ’017 patent, claim 13–15 | “a processor to determine the contents of the detected digital watermark” | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI’s inclusion of these terms in this case, Blue Spike has not had the opportunity to further investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests additional briefing. | Means-plus-function, Indefinite | |
| ’017 patent, claim 23-25 | “an encoder for encoding the digital watermark into one or more locations in the content” | Blue Spike believes this term is definite, but believes the term should not be addressed by the court because it is not asserted in this case. Additionally, given the untimeliness of MSI’s inclusion of these terms in this case, Blue Spike has not had the opportunity to further | Means-plus-function, Indefinite | |

| | | | | |
|---|---|---|---|---|
| | | investigate this term, procure the advice an expert witness, etc. In the event the court decides to address these claims in this case, Blue Spike requests additional briefing. | | |

Dated: June 8, 2017

Respectfully submitted,

By: */s/ Randall T. Garteiser*
Randall T. Garteiser
Lead Attorney
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
Kirk J. Anderson
California Bar No. 289043
kanderson@ghiplaw.com
GARTEISER HONEA, PLLC
119 W Ferguson St
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

*Counsel for Blue Spike, LLC*

By: */s/ Harold L. Novick*
Harold L. Novick
hnovick@nkllaw.com
Steve Jae Youn Kim
skim@nkllaw.com
Novick, Kim & Lee, PLLC
3251 Old Lee Highway, Suite 404
Fairfield, VA 22030
Telephone: (703) 745-5495

James E. Hopenfeld
SINGER/BEA LLP
601 Montgomery St., Suite 1950
San Francisco, CA 94111
Telephone: (415) 500-6080
jhopenfeld@singerbea.com

Guy N. Harrison
Attorney at Law
P.O. Box 2845
Longview, TX 75606

Telephone: (903) 758-7361
guy@gnhlaw.com

*Counsel for Media Science Incorporated*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 8, 2017, to all counsel of record who are deemed to have consented to electronic service *via* the court's CM/ECF system per local rule cv-5(a)(3).

*/s/ Randall T. Garteiser*
Randall Garteiser